MICHELE BECKWITH
Acting United States Attorney
JUSTIN L. LEE
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARRELL DANIEL,<br><br>Defendant. | CASE NO. 2:24-cr-00261-JAM<br><br>**THIRD STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME**<br><br>DATE: June 3, 2025<br>TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By prior order, this matter is currently set for a status conference on June 3, 2025.

2. By this stipulation, defendant now moves to continue the status conference until **July 15, 2025, at 09:00 a.m.**, and to exclude time between June 3, 2025, and July 15, 2025, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes law enforcement reports, photographs, audio recordings, and

search warrants related to a years-long investigation of criminal conduct that spanned five years. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

      b)    At the next status hearing on July 15, 2025, the parties anticipate presenting a plan for resolving the case or setting the matter for trial.

      c)    Leading up to July 15, 2025, counsel for defendant desires additional time review the discovery, conduct defense investigation, consult with her client, discuss potential resolution of the matter, and otherwise prepare for trial.

      d)    Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      e)    The government does not object to the continuance.

      f)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 3, 2025 to July 15, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: May 23, 2025          MICHELE BECKWITH
                             Acting United States Attorney

                             /s/ JUSTIN L. LEE
                             JUSTIN L. LEE
                             Assistant United States Attorney

Dated: May 23, 2025          /s/ MIA CRAGER
                             MIA CRAGER
                             Counsel for Defendant
                             DARRELL DANIEL

## ORDER

IT IS SO FOUND AND ORDERED.

Dated: May 27, 2025          /s/ John A. Mendez
                             THE HONORABLE JOHN A. MENDEZ
                             SENIOR UNITED STATES DISTRICT JUDGE